**Wei Qiang PAN, Plaintiff,**

v.

**Janet RENO, United States Attorney General, Defendant.**

**No. 93 Civ. 8716 (JSM).**

United States District Court, S.D. New York.

March 8, 1995.

Theodore N. Cox, Cox & Lin, New York City, for plaintiff.

F. James Loprest, Jr., Special Asst. U.S. Atty., New York City, for defendant.

**MEMORANDUM OPINION AND ORDER**

MARTIN, District Judge:

On cross-motions for summary judgment, the parties ask the court to construe the Chinese Student Protection Act of 1992 ("CSPA" or "the Act"). The court concludes that the Act does not waive 8 U.S.C. § 1255(a)'s requirement that resident aliens seeking a status adjustment be inspected and either admitted or paroled by the Immigration and Naturalization Service ("INS"). Plaintiff's motion thus is denied and defendant's motion is granted.

**BACKGROUND**

Plaintiff is a national of the People's Republic of China ("PRC"). *See* Loprest Decl. Ex. A at 4, 12, 17. On or about April 28, 1989, plaintiff entered the United States in violation of § 241(a)(1)(B) of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1251(a)(1)(B), by crossing the border between Canada and Vermont and evading inspection by INS agents. *See id.* at 5, 145–50. He has remained in the United States without interruption from then until now. *See id.* at 4, 10.

On August 1, 1993, plaintiff applied for an adjustment of status to that of permanent resident pursuant to the CSPA. *Id.* at 4–14. The application was denied by the INS' letter

of October 26, 1993. *Id.* at 1–2. The letter quoted 8 C.F.R. § 245.9, which provides *inter alia* that "an alien is eligible to apply for adjustment of status under the provisions of [the CSPA] if the alien . . . [e]stablishes eligibility for adjustment under all provisions of section 245 of the Immigration and Naturalization Act, unless the basis for ineligibility has been waived," 8 C.F.R. § 245.9(b)(6). *Id.* at 2. The letter then explained that plaintiff's application was denied because he had not met § 245's requirement that "an applicant at one time be inspected, admitted or paroled into the United States." *Id.*

On December 17, 1993, plaintiff filed this action. He seeks a judgment declaring that 8 C.F.R. 245.9(b)(6) is inconsistent with the CSPA, and that the INS' reliance on § 245.9(b)(6) when denying his status adjustment application thus was improper.

## DISCUSSION

■ To decide plaintiff's claim, the court must examine the interaction between the CSPA and the statutory framework for immigration provided by the INA. Broadly speaking, the INA divides aliens admitted into the United States into two categories: "immigrants," who seek to become permanent residents, and "nonimmigrants," who enter the country for a limited time and purpose. *See Jain v. INS,* 612 F.2d 683, 686 (2d Cir.1979), *cert. denied,* 446 U.S. 937, 100 S.Ct. 2155, 64 L.Ed.2d 789 (1980). Section 245 of the INA, 8 U.S.C. § 1255, sets forth an expedited procedure by which an alien can adjust his status from "nonimmigrant" to "immigrant." An alien is eligible for a status adjustment under § 245 only if he "was inspected and admitted or paroled into the United States." 8 U.S.C. § 1255(a).

■ Plaintiff has not been inspected and admitted or paroled,[1] but argues that the CSPA exempts him from that requirement of § 245. The CSPA applies to him, plaintiff stresses, because he:

(1) is a national of the [PRC who was in the United States on or after June 5, 1989, up to and including April 11, 1990];

(2) has resided continuously in the United States since April 11, 1990 other than brief, casual and innocent absences; and

(3) was not physically present in the [PRC] for longer than 90 days after such date and before [October 9, 1992].

CSPA § 2(b).

But plaintiff does not automatically qualify for a status adjustment by meeting these three requirements. Section 2(b) of the CSPA simply describes a person to whom a set of rules listed in § 2(a) would apply, were he to seek a status adjustment *"under section 245."* CSPA § 2(a) (emphasis added). The CSPA nowhere mentions that PRC nationals meeting the requirements of § 2(b) are exempt from § 245's requirement that applicants for status adjustment have been inspected and admitted or paroled.

Plaintiff emphasizes that the CSPA also does not say that PRC nationals covered by § 2(b) are *not* exempt from § 245's inspection requirement; the statute is silent on this precise issue and, plaintiff argues, should be read as implicitly absolving him from the necessity of undergoing an inspection. However, the CSPA cannot be read as tacitly exempting the PRC nationals who meet the conditions of § 2(b) from the requirement of inspection and admission or parole. Section 2(a)(5) of the CSPA states that PRC nationals covered by the Act are exempt from § 245(c), a provision that bars several categories of aliens from applying for an adjustment of status.[2] If Congress had intended

---

1. Had plaintiff left the country for certain specified reasons, he could have assured himself of lawful reentry if he had applied for and been granted "advance" parole. *See* INS Operations Instructions § 212.5(c), reproduced in Loprest Decl. Ex. B, at tab 1. Plaintiff did, in fact, apply for advance parole several weeks after his status adjustment application was denied, and the INS denied his advance parole application as well. *See id.* at tab 9. Although plaintiff at one point sought review by this court of the INS' refusal to

grant him advance parole, plaintiff has withdrawn his claim that the denial of his parole application was unlawful.

2. Section 245(c) bars the following from applying for adjustment of status: (1) alien crewmen; (2) aliens who accept unlawful employment, are in an unlawful status on the date of filing an application, or have not maintained a continuously lawful status after entering the United States; (3) aliens admitted in transit without

that everyone who was covered by the CSPA would qualify automatically for a status adjustment—regardless of any additional restrictions imposed by § 245—it would not have been necessary for the legislators to add a provision to the CSPA stating that § 245(c) did not apply to covered PRC nationals. *Lin v. Meissner*, 855 F.Supp. 4, 7–8 (D.D.C.1994). Put differently, because the CSPA specifically states that covered PRC nationals can apply for a status adjustment despite the limitations imposed by § 245(c), the Act should be read as leaving in place § 245(a)'s requirement that applicants for a status adjustment have been inspected and either admitted or paroled. *Id.* Thus the CSPA is not inconsistent with 8 C.F.R. § 245.9(b)(6) and did not require the INS to overlook plaintiff's lack of inspection when considering his status adjustment application.

The Act's legislative history does not suggest a different conclusion. Congress enacted the CSPA in response to the suppression of demonstrators in Tiananmen Square. The legislators were guided by a 1990 Executive Order which temporarily halted the deportation of PRC nationals, but did not confer lawful immigration status on those who never had such status. *See* 1992 U.S.C.C.A.N. 1356, 1356–57 (quoting in full Exec. Order No. 12711). The final version of the Act was the product of "difficult hours of thoughtful debate," 138 *Cong.Rec.* S7,150 (daily ed. May 21, 1992) (statement of Sen. Gorton), during which legislators balanced the concerns of immigration officials and students from the PRC. The most that can honestly be said is that the CSPA, as enacted, may have been interpreted differently by different legislators. *See Meissner*, 855 F.Supp. at 8 & n. 6.

The text and legislative history of the CSPA thus provide little support for plaintiff's interpretation of the statute; and, to the extent that Congress' intent in adopting the CSPA remains unclear, the INS' construction of the statute in § 245.9(b)(6), and the agency's reliance on that regulation when denying plaintiff's status adjustment application, are reasonable and merit judicial deference. *See Chevron U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 842–45, 104

visas; and (4) certain nonimmigrant visitors ad-

S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984); *Meissner*, 855 F.Supp. at 8. Accordingly, defendant's motion for summary judgment is granted, plaintiff's cross-motion for summary judgment is denied, and the action is dismissed with prejudice.

**SO ORDERED.**